

December 17, 2021

**VIA E-FILING**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building          **FILED UNDER SEAL**
844 N. King Street
Wilmington, DE 19801-3555

    Re:    *Rex Medical v. Intuitive Surgical*, C.A. No. 19-cv-5-MN

Dear Judge Fallon:

Per the Court's oral order regarding sealing, dated December 10, 2021, the parties hereby submit the following letter.

### I. DE-DESIGNATED EXHIBITS FOR PUBLIC FILING

The parties have conferred and to narrow their sealing requests, they contend that the following exhibits no longer need to be redacted or sealed, and can be filed publicly:

- D.I. 139, Exhibit G
- D.I. 140, Exhibits A, E, and H

### II. NARROWLY TAILORED PROPOSED REDACTIONS TO EXHIBITS FOR SEALING

#### A. Background

This is a patent case involving surgical staplers. During the course of discovery, the parties have exchanged documents and information, including highly confidential technical information, sensitive sales, licensing, and financial information, and highly confidential information of third parties. The specific information sought to be filed under seal here for a non-dispositive discovery dispute, if made public, would cause the parties and third parties harm in the marketplace, including revealing highly confidential and proprietary details to competitors and adversaries. The parties and third parties have sought to protect the confidential nature of the information sought to be filed under seal, including under the protective order. As discussed below, the parties respectfully request that the Court seal the narrowly tailored specific portions identified in the concurrently filed exhibits.

#### B. Rex Medical

Rex Medical respectfully requests that the Court seal narrowly tailored portions of **D.I. 141, Exhibit 21** (a highlighted copy showing redactions attached as Exhibit 1 and a final redacted copy attached as Exhibit 2), and **D.I. 139, Exhibit A** (a highlighted copy showing redactions attached as Exhibit 3 and a final redacted copy attached as Exhibit 4), **E** (a highlighted copy showing redactions attached as Exhibit 5 and a final redacted copy attached as Exhibit 6), **and H** (a highlighted copy showing redactions attached as Exhibit 7 and a final redacted copy attached as Exhibit 8).

D.I. 141, Exhibit 21, and D.I. 139, Exhibit E, are excerpts from the deposition of Lindsay Carter. Rex Medical does not seek to seal the entirety of the exhibits. Instead, Rex Medical proposes sealing the specific narrowly tailored portions that discuss highly confidential information pertaining to Rex Medical's licensing, licenses, agreements, and the contents of confidential documents, and highly confidential financial information of the company. *E.g.*, *Mosaid Technologies v. LSI*, 878 F.Supp.2d 503, 510-511 (D. Del. 2012) ("[T]erms that relate to pricing, valuation, monetary payments, and financial information should be protected. Courts also typically permit redacting information in licensing agreements or other documents that relates to trade secrets or confidential technologies."); *VLSI Technology v. Intel*, No. 18-966, D.I. 673, 674 (D.I. Jan. 2021); *Kaleo v. Adamis Pharmaceuticals*, No. 19-917, 2019 WL 11680196, at *2 (D. Del. 2019) (sealing licensing information). The information sought to be sealed is highly confidential to Rex Medical and to third parties. The information sought to be filed under seal, if made public, would cause Rex Medical and third parties harm in the marketplace, including revealing highly confidential and proprietary licensing and financial details to competitors and adversaries. Revealing confidential information publicly would also temper candid discussions. The information sought to be filed under seal is of little direct probative value to the non-dispositive discovery dispute which the Court ruled on. Good cause thus exists for sealing and, accordingly, Rex Medical respectfully requests that the specific portions identified in Exhibits 21 and Exhibit E remain redacted and filed under seal.

D.I. 139, Exhibit A, contains excerpts Intuitive filed from Rex Medical's Sixth Supplemental Responses and Objections to Defendants' First Set of Interrogatories, including details regarding damages and the accused Intuitive products. The detailed information sought to be filed under seal, if made public, would cause Rex Medical and Intuitive harm in the marketplace by revealing important, proprietary, and highly confidential financial and technical details to competitors and adversaries. Intuitive has designated information about the design of its products as highly confidential in this litigation. The narrowly tailored details of the information sought to be filed under seal is not needed to understand the parties' discovery dispute, especially given the briefing on the issue and that the Court has ruled. Good cause thus exists for sealing and Rex Medical requests that the specific narrowly tailored portions identified in Exhibit A remain redacted and filed under seal.

D.I. 139, Exhibit H, contains excerpts Intuitive filed from the deposition of Peter Hinchliffe. The technical information sought to be sealed is highly confidential to Rex Medical and to third parties. The information sought to be filed under seal, if made public, would cause third parties and Rex Medical harm in the marketplace, including revealing confidential technical details and efforts to competitors and adversaries. The information sought to be filed under seal is of no direct probative value to the non-dispositive discovery dispute, which the Court ruled on. Good cause thus exists for sealing and Rex Medical respectfully requests that the specific portions identified in Exhibit H remain redacted and filed under seal.

### C.    Intuitive

Intuitive respectfully requests that the Court seal narrowly tailored portions of **D.I. 138, Exhibits 3** (a highlighted copy showing redactions attached as Exhibit 9 and a final redacted copy attached as Exhibit 10) **and 7** (a highlighted copy showing redactions attached as Exhibit 11 and a final redacted copy attached as Exhibit 12), and **D.I. 140, Exhibits G** (a highlighted copy showing

redactions attached as Exhibit 13 and a final redacted copy attached as Exhibit 14), **I** (a highlighted copy showing redactions attached as Exhibit 15 and a final redacted copy attached as Exhibit 16), **J** (a highlighted copy showing redactions attached as Exhibit 17 and a final redacted copy attached as Exhibit 18), **and K** (a highlighted copy showing redactions attached as Exhibit 19 and a final redacted copy attached as Exhibit 20).

The redacted portions of D.I. 138, Exhibits 3 and 7, and D.I. 140, Exhibits G, J, and K, discuss nonpublic and proprietary information concerning Intuitive's product development and product pipeline, including references to discovery materials that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protected Order.  *See* D.I. 28 ¶ 2.7.  In particular, the redacted portions of these Exhibits reference Intuitive's developmental products, including design plans, the cost of production, and their strategic relation to marketed products.  Other redacted portions reference Intuitive's nonpublic business and design strategy used to develop its marketed products.

The disclosure of this information would reveal the confidential details of Intuitive's technical and business information and would give competitors an unfair advantage.  For example, disclosing the redacted portions of these Exhibits could enable competitors to use Intuitive's own nonpublic research to develop and manufacture competing products, and could provide sensitive intel to competitors regarding Intuitive's business strategy in connection with product development.  Because disclosure of the redacted portions of D.I. 138, Exhibits 3 and 7, and D.I. 140, Exhibits G, J, and K present "a clearly defined and serious injury" to Intuitive, good cause exists to seal the narrowly tailored portions of these Exhibits.  *See In re Avandia Mktg. Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (citation omitted).

The redacted portions of D.I. 140, Exhibits I and J, further concern a confidential decision from the International Trade Commission.  Disclosure of the redacted portions of these Exhibits would violate the rules and regulations governing the Commission, as such confidential information "may not be disclosed" absent specific consent.  *See* 19 C.F.R. § 210.5(b), (f); *see also* 19 C.F.R. § 201.6(a).  Because the Commission designated its decision confidential, Intuitive is not permitted to publicly disclose its contents.  Good cause accordingly exists to seal the narrowly tailored portions of D.I. 140, Exhibits I and J.

### III.   CONCLUSION

For the reasons started herein, the parties submit good cause exists to redact and seal the narrowly tailored portions of D.I. 141, Exhibit 21, D.I. 140, Exhibits G, I, J, and K, D.I. 139, Exhibit A, E, and H, and D.I. 138, Exhibits 3 and 7.

    Respectfully submitted,

    */s/ Michael J. Farnan*

    Michael J. Farnan

cc: Counsel of Record (via E-Mail)