

March 18, 2022

**VIA E-FILING**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

**FILED UNDER SEAL**

Re: *Rex Medical, L.P. v. Intuitive Surgical, Inc., et al.*, No. 19-cv-5-MN

Dear Judge Noreika:

Per the Scheduling Orders in D.I. 83, 21, and 57, Plaintiff Rex Medical respectfully requests leave to file the following motions for summary judgment: (1) IPR estoppel precludes the Intuitive Defendants from litigating its obviousness theories; (2) Intuitive failed to show the necessary availability and acceptability of its alleged non-infringing alternatives; and (3) Intuitive's alleged § 112 lack of enablement, § 112 indefiniteness, § 102 anticipation, and "unclean hands" defenses should be dismissed for failure of proof. Rex Medical's *Daubert* briefs total 22 pages, so Rex Medical requests 28 pages for its summary judgment brief (totaling 50 pages for all motions). (D.I. 21, 9-10.)

**I.     MOTION FOR SUMMARY JUDGMENT OF IPR ESTOPPEL**

This case with one asserted patent has been pending for three years. To obtain a stay pending *inter partes* review ("IPR"), Intuitive promised IPR would "simplify a substantial part of this case." (D.I. 78, 2.) Now that its IPR tactic failed to invalidate asserted claims 6-8, Intuitive tries to relitigate defenses that are legally barred. To find otherwise would defeat the purpose of IPR stays.

Before the stay, Intuitive charted **no** product art, strategically relying only on patents. (D.I. 108, 2; *id.*, Ex. 6.) The Patent Office then issued a final written decision, confirming that despite Intuitive's aggressive attempt to invalidate Rex Medical's claims under numerous alternative grounds, including in view of the Green 209 and Green 695 patents, Intuitive failed to show asserted claims 6-8 were invalid. The Federal Circuit affirmed under Rule 36.

After the stay, Intuitive sought to add a new invalidity theory based on the "Endo GIA Universal" product. Rex Medical filed a discovery motion to strike Intuitive's untimely contentions, but without a hearing, Judge Fallon did not strike the contentions during fact discovery. (Oral Order, 10/5/21.)

Intuitive's technical expert Dr. Howe thus professed two invalidity theories: (1) obviousness and (2) written description. (Ex. 1, Juergens Reb. Rpt., ¶¶ 33-34.) Dr. Howe's obviousness theory used the "Endo GIA Universal" and the same two Green patents from the IPR. (*Id*., ¶¶ 34, 29, 112-118.) In his report, Dr. Howe theorized that the Endo GIA Universal rendered obvious the claims "both by itself, in view of the knowledge of a POSA, and in combination with Green 209 and/or Green 695." (Ex. 2, Howe Opening Rpt., ¶ 109.) But the Green 209 and Green 695 patents were the same patents Intuitive used in Ground 2 and 3 of its IPR petition. In fact, Dr. Howe re-used the patents for the same claim limitations and in the same manner as Intuitive used the patents

in the IPR: Green 209 for the "cable" limitation; Green 695 for the "beam" limitation. *Biscotti v. Microsoft*, No. 13-1015, 2017 WL 2526231, at *4 (E.D. Tex. May 11, 2017) ("Congress intended to prevent the same party from challenging the validity of the same patent twice, at least based on patents or printed publications that the PTAB considered.").)

Though Dr. Howe contends he is relying on the Endo GIA Universal, no prior art product was produced in this case. (Ex. 3, Howe Dep. 172:20-173:2.) Instead, Dr. Howe relied on a sample manufactured *after* the priority date (*Id.*, 169:19-22), produced less than 48-hours before fact discovery closed. (Ex. 2, Howe Opening Rpt., ¶¶ 99-100; Ex. 1, Juergen Reb. Rpt., ¶¶ 37-56; D.I. 83.) There is no competent evidence in this case of any actual physical Endo GIA prior art product. The burden of proving invalidity by clear and convincing evidence is "a heavy and unshifting burden." *Symbol Techs. v. Opticon*, 935 F.2d 1569, 1580 (Fed. Cir. 1991).

### A. Intuitive is Estopped From Relitigating Patents From the IPR

Under 35 U.S.C. § 315(e)(2), a petitioner (Intuitive) in an IPR that results in a final written decision, "may not assert" that a "claim is invalid on any *ground* that the petitioner raised or reasonably could have raised during that *inter partes* review." Recently, the Federal Circuit confirmed IPR estoppel, finding even art not included in the IPR petitions barred. *Cal. Inst. of Tech. v. Broadcom*, 25 F.4th 976, 991 (Fed. Cir. 2022); *Trustid v. Next Caller*, No. 18-172, 2021 WL 3015280, at *1 (D. Del. July 6, 2021) (Noreika, J.) (IPR estoppel). Intuitive is estopped from relitigating printed publications, such as the Green 209 and Green 695 patents, as well as U.S. Patent No. 5,865,361 ("Milliman 361"), including because they were all used during IPR. (*Id.*; Ex. 1, Juergens Reb. Rpt., ¶¶ 34, 29, 112-118.)

### B. Intuitive's Endo GIA Theory is Likewise Estopped

Intuitive cannot avoid IPR estoppel by pointing to a product (Endo GIA), which is materially identical and cumulative of printed publications it could have used or did use during the IPR.

*Wasica* is directly on point. *Wasica Fin. GmbH v. Schrader Int'l*, 432 F. Supp. 3d 448, 455 (D. Del. 2020) (Stark, J.). The defendant there relied on a physical product (ZR-1 sensors) in combination with other printed publications. *Id*. at 453. But because the product was described in a printed publication that "disclose[d] all of the relevant features of the ZR-1 sensors," and was thus "materially identical" to the physical product, the defendant was estopped from "all three categories of obviousness combinations." *Id*. at 453, 455. The Court observed that moving from a printed publication (such as a manual) to a physical device "merely swaps evidentiary proofs supporting the same 'ground' for invalidity that was raised or reasonably could have been raised during the IPR." *Id*. at 453-54.

This is the case here. Intuitive's Endo GIA obviousness theory is nothing more than an end run to avoid IPR estoppel.[1] Intuitive's tactic fails for obvious reasons.

---

[1] Dr. Howe admitted counsel directed him to use the Endo GIA "because of the IPR estoppel." (Ex. 3, Howe Depo., 160:1-6.)

1.  **Intuitive's Own Experts Agree the Endo GIA Universal is Embodied in the Milliman 361 Patent, Which is Marked on the Product**

Both Intuitive's District Court expert (Dr. Howe) and IPR expert (Dr. Knodel) agree that the Endo GIA Universal product is embodied in and practices the Milliman 361 patent. (Ex. 1, Juergens Reb. Rpt., ¶¶ 76-77 (reproducing Dr. Howe's testimony—Howe ITC Rpt., ¶¶ 93, 160 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ¶¶ 73-76 (reproducing Dr. Knodel's testimony).) Rex Medical's expert (Mr. Juergens) agreed, providing unrebutted detailed testimony illustrating that the Endo GIA Universal is embodied in the Milliman 361 patent. (Ex. 1, Juergens Reb. Rpt., ¶¶ 80-109.)

Equally damaging to Intuitive are its own invalidity contentions, which conceded that the Milliman 361 patent related to "the same Endo GIA technology" as the Endo GIA Universal. (Ex. 1, Juergens Reb. Rpt., ¶ 79.) In fact, Intuitive incorporated disclosures from Milliman 361 into its Endo GIA Universal claim chart. (*Id.*; *Avanos Med. Sales v. Medtronic*, No. 19-2754, D.I. 323, slip op. at 3-4 (W.D. Tenn. Oct. 8, 2021) (accused infringer estopped from asserting prior art system because "the relevant claim limitations…were adequately described in the publicly available documents"); *Cal. Inst. of Tech. v. Broadcom*, No. 16-3714, 2019 WL 8192255, at *7 (C.D. Cal. Aug. 9, 2019) (wrong to be "simply swapping labels for what is otherwise a patent or printed publication invalidity ground in order to 'cloak' [] prior art ground and 'skirt' estoppel"), 2019 WL 8807924 (Nov. 21, 2019) (correcting ruling), *aff'd*, 25 F.4th 976 (Fed. Cir. 2022); *Vaporstream v. Snap*, No. 17-220, 2020 WL 136591, at *25 (C.D. Cal. Jan. 13, 2020) (granting summary judgment of IPR estoppel).

Further still, the Milliman 361 patent itself states it is related to the Endo GIA product. (Ex. 4, Milliman 361 patent, 1:59-65; *see also id.*, 2:21-25 (disclosed device offers improvements to U.S. Surgical's "current instruments").) The unrebutted testimony is thus that the Milliman 361 patent is "substantively identical in all relevant respects to the Endo GIA Universal device." (Ex. 1, Juergens Reb. Rpt., ¶¶ 80-85, 69, 71-72 (photo of Intuitive's sample marked with the Milliman 361 patent number).)

2.  **Dr. Howe's Endo GIA Theory is Cumulative and Materially Identical to Theories Relying on Printed Publications Intuitive Could Have Raised During IPR**

There is no doubt the Endo GIA Universal is embodied in Milliman 361. Therefore, not only are Dr. Howe's opinions speculative because he never actually analyzed the alleged prior art product, but his invalidity theory based on the Endo GIA product is cumulative and materially identical to what is found in the Milliman 361 patent. (Ex. 1, Juergens Reb. Rpt., ¶¶ 80-109; Ex. 5, Exhibit I to Juergens Reb. Rpt.) Dr. Howe identifies ***nothing*** about the mapping of the specific asserted claims (claims 6-8) in view of the Endo GIA product that materially differs from the Milliman 361 patent. (Ex. 1, Juergens Reb. Rpt., pp. 55, 54; *id.*, ¶¶ 68-109; Ex. 4, Milliman 361 patent (over 60 figures and 18 columns of text).)

Dr. Howe's Endo GIA Universal/Green 209/Green 695 invalidity theory is materially identical to a Milliman 361/Green 209/Green 695 invalidity theory. Both theories simply use different evidence to present the same "ground" of invalidity. Intuitive's district court obviousness case is

nothing more than an attempt to relitigate arguments it could have presented to the Patent Office. Under *Wasica*, Intuitive should be estopped from presenting its obviousness case based on the Endo GIA Universal, Green 209, and Green 695. *E.g.*, 35 U.S.C. § 315(e)(2); *Wasica*, 432 F. Supp. 3d at 455. Summary judgment of IPR estoppel is required.

## II. MOTION FOR SUMMARY JUDGMENT THAT INTUITIVE FAILED TO PROVE THE NECESSARY PREREQUISITES FOR ITS ALLEGED NON-INFRINGING ALTERNATIVES

Intuitive bears the burden of proving the availability, acceptability, and non-infringing status of its alleged non-infringing alternatives at the time of the hypothetical negotiation—in 2018. *E.g.*, *Grain Processing v. American Maize-Prods.*, 185 F.3d 1341, 1347-1356 (Fed. Cir. 1999); *SynQor v. Artesyn Techs.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013) ("Where, as here, an alleged substitute was not on the market during the damages period, the accused infringer has the burden to overcome the inference that the substitute was not 'available.'") (citation omitted); *Conceptus v. Hologic*, 771 F. Supp. 2d 1164, 1178-79 (N.D. Cal. 2010) (granting summary judgment of no non-infringing alternatives because the "only support…is a portion of the unsworn report of its own expert that relies exclusively on private conversations with [Defendant's] personnel"); *Standard Havens Prods. v. Gencor Indus.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991) ("A product on the market which lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages."); *State Indus. v. Mor-Flo Indus.*, 883 F.2d 1573, 1578-79 (Fed. Cir. 1989) (to be a substitute, it must be "available" on the market); *Smart Skins v. Microsoft*, No. 15-544, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016) (striking non-infringing alternatives evidence); *Presidio Components v. Am. Tech. Ceramics*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (no acceptable non-infringing substitutes).

Rex Medical's motion is directed at two of Intuitive's alleged non-infringing alternatives: (1) a hypothetical ███████████████████████████████ and (2) a potential redesign of the Accused Products to copy Intuitive's competitor's products. (Ex. 6, Juergens Reply Rpt., ¶ 119; Ex. 8, Juergens Opening Rpt., ¶¶ 238-246.) For these alleged non-infringing alternatives, Intuitive has not and cannot prove the availability and acceptability of its alternatives.

### A. Alleged NIA #1: The Non-Existent, Hypothetical ███████ Cannot Be An Available, Acceptable, Non-Infringing Alternative

Dr. Howe speculates that a hypothetical ███████████████████████ could be a non-infringing alternative. (Ex. 6, Juergens Reply Rpt., ¶ 141; Ex. 7, Howe Reb. Rpt., ¶ 163 (admitting "Intuitive does [sic] not produce a 60mm version"); Ex. 3, Howe Depo., 133:18-21 (admitting no available 60mm design).) As Mr. Juergens explained: "Dr. Howe provides no proof that Intuitive had available – in 2018 – an actual ████████ design or product. Nor does Dr. Howe show how that ████████ would look, or how or why that ████████ would be non-infringing of the '650 patent, in his opinion. Dr. Howe cites no documents – no diagrams, no drawings, no SolidWorks files, no shop drawings, no prototypes – nothing to show that Intuitive possessed any non-infringing ████████, in 2018." (Ex. 6, Juergens Reply Rpt., ¶¶ 142, 141-152.) Because there is no documentary evidence of any alleged ████████ Intuitive cannot prove it would be non-infringing, available, and acceptable. (*Id.*, ¶¶ 152, 143.)

4

### B. Alleged NIA # 2: Intuitive Failed to Prove Copying Its Competitor's Product Was An Available, Acceptable, Non-Infringing Alternative

Intuitive's expert, Dr. Howe, speculates that Intuitive could have redesigned the accused products, based on its chief competitor's product (Medtronic, formerly Covidien), to ███████████████████████████████████████████████████████████████████████████ " (Ex. 6, Juergens Reply Rpt., ¶¶ 162, 167, 161-171, 176; Ex. 7, Howe Reb. Rpt., ¶ 169.) But neither Intuitive nor Dr. Howe produced any competent evidence establishing the availability, acceptability, and non-infringing nature of the hypothetical redesign. (Ex. 6, Juergens Reply Rpt., ¶¶ 163, 164; *AstraZeneca AB v. Apotex*, 782 F.3d 1324, 1340 (Fed. Cir. 2015) (accused infringer failed to explain how it could copy a third-party's formulation without infringing patents).) Because the record is devoid of evidence Intuitive possessed and could have implemented the proposed redesign in 2018, summary judgment is appropriate. (Ex. 3, Howe Depo., 137:20-138:14 (admitting he was "not aware" of Intuitive ever developing the proposed redesign).)

### III. MOTION FOR SUMMARY JUDGMENT ON INTUITIVE'S NON-PURSUED AFFIRMATIVE DEFENSES

Intuitive's sole technical expert, Dr. Howe, submitted 3 expert reports. Nowhere did Dr. Howe provide any invalidity theories other than obviousness and lack of an adequate written description. (*E.g.*, Ex. 2, Howe Opening Rpt., p.i (TOC), ¶ 14.) Last week, to avoid unduly burdening the Court, Rex Medical asked Intuitive to confirm that it was not pursuing "Section 102 (anticipation), Section 112 (indefiniteness), Section 112 (enablement), and unclean hands, given that no expert testimony was submitted by Intuitive on these issues." Without citing any evidence, Intuitive responded: "Intuitive is no longer pursuing unclean hands or anticipation. We maintain our enablement and indefiniteness defenses." (3/18/22 Email from Counsel for Intuitive.) Because Intuitive waived these defenses and failed to timely put forth clear and convincing evidence on these issues, summary judgment is required.

Respectfully submitted,

*/s/ Michael J. Farnan*

Michael J. Farnan

cc: Counsel of Record (Via E-Mail)